IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Cr. No. 18-1107 MV |
| **WAYNE RYAN**, | ) |
| Defendant. | ) |

### UNITED STATES' MOTION TO MODIFY CONDITIONS OF RELEASE

NOW COMES the United States and pursuant to Federal Rule of Criminal Procedure 32.1 files this its Motion to Modify Conditions of Release, requesting that the Court order the defendant, Wayne Ryan, to avoid direct or indirect contact with witnesses and victims and in support thereof would show as follows.

### BACKGROUND

On March 19, 2018, the defendant was charged with violations of 18 U.S.C. § 922(o) (possession of a machine gun); 26 U.S.C. §§ 5861(d) (possession of unregistered firearm) and 5871 (possession of a firearm having no serial number); and 49 U.S.C. § 46306 (aircraft registration violations). The defendant was arrested and ordered detained pending trial after this Court found the defendant to constitute a flight risk and danger to the community. (Order of Detention, [Doc 9].) As partial grounds for the defendant's detention, the Court relied on evidence of the defendant's "[a]lleged threats and interactions with law enforcement." On May 21, 2018, after a number of lengthy hearings, this Court ordered the defendant released pending trial, subject to conditions. (Order Setting Conditions of Release, [Doc 25].) These conditions

do not require the defendant to avoid contact with victims and witnesses. Recently, the United States has learned that the defendant has repeatedly contacted his ex-wife. The defendant's ex-wife previously was interviewed and provided information in support of the investigation culminating in criminal charges against the defendant. As indicated in the written report submitted herewith as Exhibit 1, the defendant's contacts with his ex-wife have left her feeling scared and intimidated. According to this report, the defendant's ex-wife "no longer felt safe from the time he made contact with her" and that the defendant "was trying to intimidate her." (Exhibit 1.)

## **DISCUSSION**

Conditions of release must "reasonably assure the appearance of the person" and "the safety of any other person and the community." 18 U.S.C. § 3142(g). In determining whether there are conditions of release that can be fashioned to meet these two requirements, the court must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . .
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial . . .; and
(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

Consideration of the factors set forth at 18 U.S.C. § 3142(f) in light of the offense conduct charged in the instant case, the defendant's past threatening statements and conduct, and the

defendant's history and characteristics in general, weigh in favor of modifying the Court's conditions of release to order the defendant to refrain from contacting, directly or indirectly, persons who may be witnesses or victims in this matter.

Defense counsel has been contacted regarding this motion and objects to the relief sought, except with respect to the defendant's ex-wife.

## **CONCLUSION**

Based on the foregoing, the United States requests that the Court modify its conditions of release and order the defendant, Wayne Ryan, to refrain from contacting, directly or indirectly, persons who may be witnesses and victims in this matter.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

 */s/ Electronically filed*
GEORGE C. KRAEHE
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on the 30th day
of July 2018, I filed the foregoing
pleading electronically through the
CM/ECF system, which caused counsel
of record for defendant to be served
by electronic means.

 */s/ Filed Electronically*
GEORGE C. KRAEHE
Assistant U.S. Attorney