IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 18-1107 MV |
| | ) | |
| vs. | ) | |
| | ) | |
| **WAYNE DAVID RYAN**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' PROPOSED VOIR DIRE

The United States of America respectfully requests, pursuant to Federal Rule of Criminal Procedure 24(a), that the Court include the following questions in its examination of prospective jurors. The Court is requested to allow counsel for the United States to pursue more detailed questioning if further inquiry is appropriate and to conclude with an inquiry as to whether the particular fact or circumstance would influence a juror in favor or against either the United States or the defendant. The Court is requested to invite jurors to approach the bench to respond outside the hearing of the rest of the panel if the prospective juror so desires.

    A.    <u>The Charge</u>.

        1.    This is a criminal case. The defendant, Wayne David Ryan, has been charged in a superseding indictment with violating federal firearms and aircraft laws. He has been charged with illegal possession of machineguns and silencers and with unlawful operation of an aircraft.

        2.    The indictment is not evidence itself. It simply contains the charges that the United States is required to prove to the satisfaction of the trial jury beyond a reasonable doubt.

I would like to summarize the charge in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3. The superseding indictment against the defendant charges:

Count 1

Between on or about September 28, 2017, and March 15, 2018, in Socorro County, in the District of New Mexico, the defendant, **WAYNE DAVID RYAN**, did knowingly possess machineguns, that is, parts designed and intended for use in converting a weapon into a machinegun.

In violation of 18 U.S.C. §§ 922(o) and 924(a)(1).

Count 2

Between on or about September 28, 2017, and March 15, 2018, in Socorro County, in the District of New Mexico, the defendant, **WAYNE DAVID RYAN**, knowingly received and possessed firearms, to wit: machineguns which were not registered to him in the National Firearms Registration and Transfer Record.

In violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871.

Count 3

Between on or about January 20, 2018, and March 15, 2018, in Socorro County, in the District of New Mexico, the defendant, **WAYNE DAVID RYAN**, knowingly received and possessed firearms, to wit: silencers which were not registered to him in the National Firearms Registration and Transfer Record.

In violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871.

### Count 4

Between on or about January 20, 2018, and March 15, 2018, in Socorro County, in the District of New Mexico, the defendant, **WAYNE DAVID RYAN**, knowingly received and possessed firearms, to wit: silencers having no serial number.

In violation of 26 U.S.C. §§ 5842(b), 5845(a), 5861(i), and 5871.

### Count 5

On or about June 23, 2017, in Socorro County, in the District of New Mexico, the defendant, **WAYNE DAVID RYAN**, owned an aircraft eligible for registration under 49 U.S.C. § 44102 and knowingly and willfully operated the aircraft knowing that the aircraft was not registered under section 44103 of this title; that the aircraft's certificate of registration was suspended and revoked; and that he did not have proper authorization to operate or navigate the aircraft without registration for a period of time after transfer of ownership.

In violation of 49 U.S.C. § 46306(b)(6).

### Count 6

On or about June 23, 2017, in Socorro County, in the District of New Mexico, the defendant, **WAYNE DAVID RYAN**, owned an aircraft eligible for registration under 49 U.S.C. § 44102 and knowingly and willfully served as an airman without an airman's certificate authorizing him to serve in that capacity.

In violation of 49 U.S.C. § 46306(b)(7).

4.  Does any juror have any personal knowledge of the charges in the superseding indictment as I have described?

B.  Nature of the Charges.

5. During the trial, you will hear evidence concerning the charged crimes. You will hear evidence concerning whether the defendant unlawfully possessed machineguns and silencers and whether he unlawfully operated an aircraft.

6. Does the fact that the charges involve firearms and aircraft make it difficult for any juror to render a fair verdict?

7. Does any juror feel that he or she could not decide fairly and impartially a case involving such charges?

8. Does any juror have an opinion that it should be legal for people to possess machineguns and silencers?

9. Does any juror think that machineguns and silencers, specifically, should be legal to possess?

10. Does any juror feel that the United States should not prosecute people for possessing machineguns and silencers?

11. Is any juror a member of an organization that advocates either for or against gun rights or gun control?

    a. What organization?

    b. Based on that membership or the activities of that organization, have you formed an opinion that would affect your ability to fairly and impartially judge the evidence or law presented in this case?

12. Does any juror believe that the United States government should not regulate guns or firearms?

13. Does any juror disagree with any federal laws with respect to firearms?

14. Does any juror believe that a person should not be required to register their firearms?

15. If the Court's instructions differ from your opinion concerning the involvement of the federal government in matters such as this, would you be able to follow the instructions of the Court and put aside your own personal opinion?

C. Knowledge of the Trial Participants.

16. The defendant in this case is Wayne David Ryan. [Please direct the defendant to rise]. Does any juror know, or has he or she had any dealings, directly or indirectly, with the Defendant, or with any relative, friend or associate of the defendant?

17. Does any juror have any relatives, friends, associates, or employers who know or who have had any dealings with the defendant?

18. The defendant has been accused of unlawful possession of firearms and unlawful operation of an aircraft. Has any juror read or heard media coverage or other information about this?

    a. What did you read or hear?

    b. From where did you receive this information?

    c. Have you already formed an opinion about the defendant?

    d. What is that opinion?

    e. Would you be able to disregard your opinion and make a determination as to whether or not the defendant is guilty of the acts charged in this case solely by the evidence that is presented during the trial?

19. The defendant is represented by Alejandro Fernandez of the Federal

Public Defender's office. [Please ask defense counsel to stand]. Do any of you know Mr. Fernandez? Has any juror had dealings, either directly or indirectly, with Mr. Fernandez?

20. The United States is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the District of New Mexico, who is John C. Anderson. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys George Kraehe and Jon Stanford. [Please ask Assistant United States Attorneys to stand.] Do any of you know Mr. Anderson, Mr. Kraehe, or Mr. Stanford? Have any of you had dealings, either directly or indirectly, with these individuals?

21. During the trial you may hear reference to the following people, and some may be called as witnesses: [please read witness lists]. Do any of you know any of these witnesses? Has any juror had dealings, either directly or indirectly, with these witnesses?

D. Ability to be Fair and Impartial

22. Expert Witnesses. You may hear testimony in this case of expert witnesses. Let me advise you that the use of expert testimony is proper in the context of this case. Have any of you had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

23. Law Enforcement Personnel. The witnesses in this case will include law enforcement personnel. Would you be more likely to believe a witness merely because he or she is a law enforcement officer? Would you be less likely to believe law enforcement witnesses?

24. Confidential Human Sources. You may hear testimony or consider

evidence in this case, including undercover video recordings, obtained through use of a confidential human source engaging in an undercover "sting" operation on behalf of law enforcement. Would you be more likely to believe such testimony or evidence merely because it was obtained in the course of an undercover "sting" operation? Would you be less likely to belief such testimony or evidence? Do you have any feelings for or against undercover "sting" operations? If so, what are those feelings?

  E.  <u>Relationship With Government</u>.

  25.  Do any of you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the District of New Mexico; the Federal Bureau of Investigation; the Bureau of Alcohol, Tobacco, Firearms, and Explosives; or any other law enforcement agency? Is any member of your family employed by any law enforcement agency, whether federal, state or local?

  26.  Does any juror have any strong feelings for or against the United States Attorney's Office for the District of New Mexico; the Federal Bureau of Investigation; the Bureau of Alcohol, Tobacco, Firearms, and Explosives; or any other law enforcement agency?

    a.  If so, what are those feelings?

  27.  Have you, or has any member of your family, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute and its outcome?

  28.  Is there anything that you have read in newspapers, magazines, viewed on television, or heard on the radio regarding firearms cases that may influence your ability to sit as

a fair and impartial juror in this case?

    F.    <u>Prior Jury Service</u>.

    29.    Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

    30.    Have you ever served as a juror in any court? If so, when and in what court did you serve and was it a civil or a criminal case?

    31.    For those of you who served on a criminal jury trial before:

        a.    When and where did you serve?

        b.    What was the verdict?

        c.    Did the prior case place any burdens on you that would make it difficult for you to sit on another criminal jury, or did the prior case make you cynical about criminal trials?

        d.    Was there anything about your prior jury experience that would lead you to feel that you may have some prejudice either for or against the prosecution or the defendant?

    G.    <u>Experience as a Witness, Defendant, or Crime Victim</u>.

    32.    Has any juror or any relative or close friend of any juror, ever been involved, or appeared as a witness, in any investigation by a federal or state grand jury, or been questioned in any matter by a federal, state or local law enforcement agency?

    33.    Have you ever been a witness or complainant in any prosecution, state or federal?

    34.    Have you, or has any member of your family, any associate or close

friend, ever been charged with a crime?

35. Have you, or has any member of your family, any associate or close friend, ever been the subject of any investigation or accusation by any grand jury, federal or state?

36. Has any juror, or any friend or relative of any juror, ever been a victim of a crime? [As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench into the circumstances of each crime.]

H. Other Questions.

37. Does any juror have any problem with his or her hearing or vision which would prevent him or her from giving full attention to all the evidence at this trial?

38. Is any juror taking any medication which would prevent him or her from giving full attention to all of the evidence at this trial?

39. Does any juror have any difficulty reading or understanding English to any degree?

40. Does any juror have any religious, philosophical or other beliefs which would make him or her unable to act as the judge of the facts in this case and to render a verdict for reasons unrelated to the law and evidence?

41. Does any juror feel that he or she cannot sit in judgment of another person?

42. Does any juror belong to an organization that seeks to promote the rights of prisoners?

43. If you were the attorney for the government or for the defense, would you

be uncomfortable with yourself as a juror?

44. Will you be able to evaluate the evidence presented, and only the evidence, to determine whether this defendant is guilty as charged? Will you be able to hear and view the evidence and evaluate it, and not speculate on a theory unless there is evidence to support it?

45. Is there any reason that any of you would be unable to follow the ruling of the Court concerning either the acts of the law enforcement officers or evidence collected in this case?

46. Does everyone understand that questions asked of the witnesses at this trial are strictly controlled by the law, which is determined by the Court? Does everyone understand that some questions you might think should be asked could be improper under the law, so you must not speculate about answers to questions but only listen to the evidence presented for your determination?

47. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained?

I. Function of the Court and Jury.

48. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or lawyers say or do may encroach in any way on

your role as the exclusive fact finder. When it comes to the law, however, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of this case, your job will be to determine whether or not the defendant is guilty as charged in the indictment. Does any juror have any reason that might prevent him or her from accepting the instructions of law that the Court will give in this case? Would anyone be unable to reach a firm verdict, either guilty or not guilty, based solely on the evidence admitted at trial and on the law?

49. Will each of you accept the idea that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether the defendant on trial here is guilty of the crime charged?

50. Will each of you accept that sympathy must not enter into your deliberations as to the guilt or innocence of the defendant and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

51. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and evidence?

52. Is there any juror who feels the government's burden of proof should be higher or lower than that of proof beyond a reasonable doubt? Is there any juror who feels that he or she cannot follow the Court's instructions regarding proof beyond a reasonable doubt?

J. <u>Requested Instruction Following Impaneling</u>.

From this point until the time when you retire to deliberate a verdict, it is your duty not to discuss this case, and not to remain the presence of other persons who may be discussing this

case.   The rule about not discussing the case with others includes discussions even with members of your family or friends.   If any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.   In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.   So if you happen to see any of them outside this courtroom they will, and should, ignore you.   Please do not take offense.   They will only be acting properly by doing so.

          Respectfully submitted,

          JOHN C. ANDERSON
          United States Attorney

          *Filed Electronically*
          GEORGE C. KRAEHE and
          JON K. STANFORD
          Assistant United States Attorneys
          P.O. Box 607
          Albuquerque, New Mexico   87103
          (505) 346-7274

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to counsel of record.

   *Filed Electronically*

GEORGE C. KRAEHE and
JON K. STANFORD
Assistant United States Attorneys