IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 18-1070 MV |
| | ) | |
| **WAYNE DAVID RYAN,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' OMNIBUS MOTION *IN LIMINE***

The United States hereby files this omnibus motion *in limine*:

**FACTUAL BACKGROUND**

The Defendant, Wayne David Ryan, is charged in a six-count superseding indictment with violations of 18 U.S.C. § 922(o) (Possession of a Machinegun) (Count 1); 26 U.S.C. §§ 5841, 5845(a) 5861(d), and 5871 (Possession of an Unregistered Firearm) (Counts 2 and 3); 26 U.S.C. §§ 5842(b), 5845(a), 5861(i), and 5871 (Possession of a Firearm Having No Serial Number) (Count 4); 49 U.S.C. § 46306(b)(6)(Operating an Aircraft without Registration) (Count 5); and 49 U.S.C. § 46306(b)(7) (Operating an Aircraft without an Airman's Certificate). For a conviction on the 18 U.S.C. § 922(o) count, the United States must prove the following elements beyond a reasonable doubt:

*First:*    That the defendant knowingly possessed a machine gun; and

*Second:*    That the defendant knew that the Palmetto State Armory, model PA-15, 5.56 NATO caliber rifle bearing serial number PA077234 and the M16-type stripper clips was a combination of parts from which a machinegun can be assembled.

*United States v. Wonschik*, 353 F.3d 1192 (10th Cir. 2004).

For a conviction on the 26 U.S.C. §§ 5841, 5845(a) 5861(d), and 5871 counts, the United

States must prove the following elements beyond a reasonable doubt: doubt:

*First*:            The defendant knowingly possessed a firearm;

*Second*:        The defendant knew of the specific characteristics or features of the

firearm, in this case machineguns and silencers, that caused them to be registrable under the

National Firearms Registration and Transfer Record;

*Third*:            The firearm was or could readily have been put in operating condition; and

*Fourth:*         The firearm was not registered to the defendant in the National Firearms

Registration and Transfer Record.  The government is not required to prove that the defendant

knew that the firearm was not registered or had to be registered.

10th Cir. Criminal Pattern Jury Instruction (2011) § 2.91.

To find the defendant guilty of violating 26 U.S.C. §§ 5842(b), 5845(a), 5861(i), and

5871, the United States must prove beyond a reasonable doubt:

*First:*            The defendant knowingly possessed a firearm, as that term has been

defined in this instruction;

*Second:*        The defendant knew of the specific characteristics or features of the

firearm, in this case silencers, that caused it to be subject to the National Firearms Registration

Act's requirement that it have serial numbers;

*Third*:            The firearm was or could readily have been put in operating condition; and

*Fourth*:          The firearm was not identified by serial numbers.  The government is not

required to prove that the defendant knew that the firearm did not have serial numbers.

2

*United States v. Webb*, 49 F.3d 636, 639 (10th Cir. 1995); *see also United States v. Walsh*, 791

F.2d 811, 818 (10th Cir.1986).

To find the defendant guilty of violating 49 U.S.C. § 46306(b)(6), the United States must

prove beyond a reasonable doubt:

*First:* The defendant knowingly and willfully operated an aircraft;

*Second:* The aircraft was not used to provide "air transportation";

*Third:* The aircraft was eligible for registration under 49 U.S.C. § 44102; and

*Fourth:* The defendant knew the aircraft was not registered under 49 U.S.C. §

44103.

The government need not prove that the defendant was aware of the specific registration

requirement, but the government must prove the defendant operated the aircraft knowing the

aircraft was not registered. *United States v. Record*, 873 F.2d 1363, 1366 (10th Cir. 1989); 49

U.S.C. §§ 40101(a)(5) (defining "air transportation"); 44102(a) (defining "eligibility").

To find the defendant guilty of violating 49 U.S.C. § 46306(b)(7), the United States must

prove beyond a reasonable doubt:

*First:* The defendant served as an airman in any capacity;

*Second:* At the time the defendant served as an airman, he did not possess an

airman's certificate authorizing him to serve in that capacity;

*Third:* The defendant acted knowingly and willfully; and

*Fourth:* The aircraft was not being used to provide air transportation.

49 U.S.C. §§ 46306(b)(7); 40102(a)(8)(A); 44703(a); *United States v. Atkinson*, 232 F.3d 897

(9th Cir. 2000) (defendant violated 49 U.S.C. § 46306(b)(7) where he flew aircraft after

suspension of his airman's certificate).

As set forth in the Superseding Indictment (Doc. 53), the Defendant is alleged to have knowingly possessed machineguns on or between September 28, 2017, and March 15, 2018. He further is alleged on or between September 28, 2017, and March 15, 2018, to have knowingly received and possessed firearms, to wit: machineguns which were not registered to him in the National Firearms Registration and Transfer Record. In addition, on or between January 20, 2018, and March 15, 2018, he is alleged to have knowingly received and possessed firearms, to wit: silencers which were not registered to him in the National Firearms Registration and Transfer Record. On or between January 20, 2018, and March 15, 2018, he is alleged to have knowingly received and possessed firearms, to wit: silencers having no serial number. Finally, on or about June 23, 2017, he is alleged to have knowingly and willfully operated the aircraft knowing that the aircraft was not registered and knowing that he did not possess an airman's certificate to operate the aircraft.

**CATEGORIES OF EVIDENCE**

1. <u>Motion to Exclude Reference to Potential Punishment in This Case</u>

The United States respectfully moves that this Court exclude all direct or indirect reference to, or evidence of, the sentence that might be imposed if the defendant is convicted of the offenses charged. Any such reference or evidence is inadmissible because it is irrelevant and would be unfairly prejudicial.

It is well-established that, unless the jury has a role in sentencing, the jury may not, in reaching its verdict, consider what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the

4

crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has

arrived at a guilty verdict. *Shannon*, 512 U.S. at 579. Therefore, information regarding what

sentence might be imposed following a guilty verdict is irrelevant to the jury's task, *Shannon*,

512 U.S. at 579, and the jury is not to consider the potential punishment that could result from

conviction. *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (unless statute

specifically requires jury participation in determining punishment, jury shall not be informed of

possible penalties); *United States v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990); *United States

v. Del Toro*, 426 F.2d 181, 184 (5th Cir.) (jury instructions on sentencing are inappropriate), *cert.

denied*, 400 U.S. 829 (1970); *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995);

*United States v. Broxton*, 926 F.2d 1180, 1183 (D.C. Cir.), *cert. denied*, 499 U.S. 911 (1991).

Moreover, "[t]o inform the jury that the court may impose a minimum or maximum sentence,

will or will not grant probation, when a defendant will be eligible for a parole, or other matters

relating to disposition of the defendant, tend to draw the attention of the jury away from their

chief function as sole judges of the facts, open the door to compromise verdicts and to confuse

the issue or issues to be decided." *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962).

Thus, "[p]roviding sentencing information to the jury invites [jurors] to ponder matters that are

not within their province, distracts them from their fact-finding responsibilities, and creates a

strong possibility of confusion." *Shannon*, 512 U.S. at 579. Indeed, it has been recognized that

the only possible purpose that would be served by informing jurors of the mandatory sentence

would be to invite jury nullification of the law. *Johnson*, 62 F.3d at 850-51. Just as it would be

improper for the court to instruct the jury as to its power to nullify, "[an] attorney's attempt to

achieve the same end indirectly, by arguing the severity of the punishment to the jury, is equally

impermissible." *United States v. Manning*, 79 F.3d 212, 219 (1st Cir.), *cert. denied*, 519 U.S. 853 (1996).

In fact, Criminal Pattern Jury Instruction 1.20 for the Tenth Circuit reads as follows: "If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict." Since the jury is not permitted to consider punishment in its deliberations, counsel should refrain from introducing such evidence during voir dire and trial. Accordingly, this Court should exclude all direct or indirect reference to, or evidence of, the sentence that might be imposed if the defendant is convicted of the offenses charged in this case.

2.      Motion To Prohibit Defense Counsel From Making Autobiographical References To The Jury

The United States requests the Court order that defense counsel be prohibited from speaking (directly or indirectly) to the venire panel or to the seated jury at any time during the above-captioned proceedings about counsel's historical narrative (*i.e.* schools attended, political commentary and philosophy, athletic achievements, appearances before the media, charitable affiliations, personal achievements, qualifications, professional background and insight, prior military service and decorations, prior associations, etc.). Such autobiographical references by trial counsel would not be relevant under Federal Rule of Evidence 401; and they would be confusing and misleading under Rule 403 by distracting the jury from its duty to evaluate the facts and evidence relevant to the charged conduct.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The rules define relevant evidence as that having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." Fed. R. Evid. 401. Autobiographical references of trial counsel bear no relation to the defendant or the criminal conduct with which he is charged and cannot by definition make the existence of any fact that is of consequence in the case more or less probable. Accordingly, the above references should be excluded as irrelevant under Rules 401 and 402. Furthermore, any autobiographical references by trial counsel should be barred under Rule 403, which provides for the exclusion of evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The presentation of the personal histories of trial counsel would improperly bolster the arguments and presentation of counsel and create a sideshow designed to distract the jury from its sworn duty. Consequently, the United States requests that the Court prohibit defense counsel from making autobiographical references to the venire panel or to the jury during the entirety of these proceedings, to include closing argument.

3. <u>United States' Motion *in Limine* to Prohibit Comment on Matters Not Relevant to the Charged Offenses</u>

The United States moves this Court to enter an order disallowing testimony, evidence, or any mention of the following matters:

a.      the defendant's past cooperation with any law enforcement agency as a confidential informant or confidential human source;

b.      the defendant's purported belief that his possession of machineguns, machinegun components, and silencers advanced a law enforcement interest;

c.      the defendant's purported belief that his possession of machineguns, machinegun parts, and silencers was authorized;

d.	the defendant's purported belief that the government entrapped him into possessing machineguns, machinegun parts, and or silencers;

e.	that defendant's conduct in possessing machineguns, machinegun parts, and silencers was not willful and that he therefore did not possess the mental state necessary to support a conviction under 18 U.S.C. § 922(o) (Possession of a Machinegun) (Count 1); 26 U.S.C. §§ 5841, 5845(a) 5861(d), and 5871 (Possession of an Unregistered Firearm) (Counts 2 and 3); 26 U.S.C. §§ 5842(b), 5845(a), 5861(i), and 5871 (Possession of a Firearm Having No Serial Number) (Count 4);

f.	that the use of CHS2 by law enforcement was illegal, unsafe, or contrary to best law enforcement practices;

g.	any facts about CHS2's background, including his criminal history, arrests, convictions, and or prior bad acts, if CHS2 is not called as a witness;

h.	any purported attempts by law enforcement to harm or poison him during or after pre-trial detention;

i.	the reason, motivation, or propriety of the prosecution; and

j.	the failure of the United States to prosecute others who the defendant believes are equally culpable or more culpable than he is.

Evidence, testimony, or mention of the foregoing matters by trial counsel would not be relevant under Federal Rule of Evidence 401; and they would be confusing and misleading under Rule 403 by distracting the jury from its duty to evaluate the facts and evidence relevant to the charged conduct. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The rules define relevant evidence as that having "any tendency to make the existence of any fact that

is of consequence to the determination of the action more probable or less probable than it would

be without the evidence." Fed. R. Evid. 401.

The Defendant has not asserted and has expressly conceded the inapplicability of the

public authority, estoppel, or entrapment defenses. Accordingly, evidence that the Defendant

believed he was acting on behalf of or in furtherance of law enforcement interests is therefore

irrelevant and, if introduced, likely to confuse the jury. *See*, *e.g.*, *United States v. Apperson*, 441

F.3d 1162, 1204-04 (10th Cir. 2006) (discussing public authority defenses); *United States v.*

*Granados*, 501 Fed. Appx. 820, 823-24 (10th Cir. 2012) (discussing threshold for asserting public

authority defense); *United States v. Theunick*, 651 F.3d 578, 590-91 (6th Cir. 2011) (court

properly quashed subpoenas sought to prove public authority defense, where defendant did not

assert defense and did not meet threshold for asserting it); *United States v. Wade*, 399 Fed. Appx.

471 (11th Cir. 2010)(court properly excluded evidence that defendant previously had worked

undercover on behalf of law enforcement where defendant could not prove public authority

defense); *United States v. Vigil*, 2006 WL 4061153 (D. N.M. 2006) (Browning, J.) (evidence of

entrapment not allowed where entrapment defense not asserted).[1]

In addition, as to the firearms charges, the United States is not required to prove that the

Defendant acted willfully, i.e., with knowledge that his conduct was unlawful and with intent to

do something that the law forbids. *Staples v. United States*, 511 U.S. 600 (1994) (conviction

under 26 U.S.C. § 5861(d) requires that the defendant knowingly possessed machinegun, but

---

[1] The Defendant also has not asserted the related defense of entrapment by estoppel. "The defense of entrapment by estoppel is implicated where an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation so that criminal prosecution of the actor implicates due process concerns under the Fifth and Fourteenth amendments." *Apperson*, 441 F.3d at 1204 (*citing United States v. Hardridge*, 379 F.3d 1188, 1192 (10th Cir.2004) and *United States v. Nichols*, 21 F.3d 1016, 1018 (10th Cir.1994)). This defense is inapplicable and thus does not make relevant evidence of the Defendant's past cooperation with law enforcement or his belief that he was acting on behalf of or in furtherance of law enforcement interests.

does not require proof of willfulness); *Rogers v. United States*, 522 U.S. 252, 253 (1998) (government entitled to instruction that defendant knew the silencer was a silencer but need not know that the law required registration of the silencer); *United States v. Wonschik*, 353 F.3d 1192, 1196 (10th Cir. 2004) (conviction under 18 U.S.C. § 922(o) requires that the defendant knowingly possessed machinegun, but does not require proof of willfulness). Accordingly, evidence of the Defendant's past cooperation with law enforcement, his belief that his conduct advanced a law enforcement interest, and his belief that his conduct was authorized and not contrary to law, is irrelevant. *See*, *e.g*., *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1107-09 (E.D. Cal. 2008) (evidence of mistaken belief that possession of marijuana was legal was irrelevant and properly excluded, because conviction required only knowing possession, not willfulness). Accordingly, the above references should be excluded as irrelevant under Rules 401 and 402.

Furthermore, evidence, testimony, or mention of the foregoing matters by trial counsel should be barred under Rule 403, which provides for the exclusion of evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The presentation of evidence of the Defendant's past cooperation with law enforcement and the Defendant's belief that his conduct was authorized by law enforcement and not contrary to law would confuse and improperly distract the jury from its sworn duty. Consequently, the United States requests that the Court prohibit defense counsel from referring to or introducing evidence regarding the above-referenced matters before the venire panel or to the jury during the entirety of these proceedings, to include closing argument.

4.     Motion to Exclude Evidence of Defendant's Good Conduct

The United States respectfully moves that this Court exclude from trial evidence of, testimony regarding, or reference to:

a.  awards, commendations, or other recognition the defendant received, to include scholarships or professional recognition afforded him in connection with his trade or profession;

b.  the defendant's non-prosecution or exoneration by other law enforcement agencies for conduct not related to the instant offenses;

c.  any benefit received by a law enforcement agency or officer resulting from the Defendant's past cooperation; and

d.  any statements by law enforcement officers or others vouching for the defendant's honesty, history of cooperation, and law-abiding character; and

e.  specific instances not related to any claim made the subject of the indictment when the defendant provided information or cooperation that resulted in a benefit to a law enforcement agency or officer.

The foregoing evidence would constitute improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a) and therefore should be excluded.  Evidence of specific instances of good conduct by the defendant, or of awards, commendations, or other recognition he received, is inadmissible under Federal Rule of Evidence 404(a)(1), because the evidence does not relate to a character trait that is pertinent, or relevant to, the criminal charges in this case. Second, even if the evidence related to a pertinent trait, evidence of the defendant's specific acts of good conduct would still be inadmissible under Rule 405(a), which governs the form of character evidence, and allows evidence only as to the reputation of the defendant or as to a

11

witness's opinion of the defendant's pertinent character trait. The Rule prohibits the introduction of evidence relating to specific instances of conduct reflecting the character trait.

*a) Evidence of Specific Instances of Good Conduct by the Defendant Constitutes Inadmissible Character Evidence.*

Rule 404(a) of the Federal Rules of Evidence generally prohibits the introduction of evidence of a person's character to prove that the person acted in conformity therewith on a particular occasion. The Rules' general prohibition against character evidence contains three exceptions, one of which governs the admissibility of character evidence relating to the accused. *See* Fed.R.Evid. 404(a)(1). The exception concerning the character of the accused specifies that such evidence is admissible only if it relates to a pertinent, or relevant, character trait. *See* Fed.R.Evid. 404(a)(1). In *United States v. Neighbors*, 23 F.3d 306, 310 (10th Cir. 1994), the Tenth Circuit held that the trial court properly excluded a defendant's good character evidence because evidence that the defendant was asked to serve on the board of a substance abuse center because of his strong advocacy against drug abuse was not material to whether the defendant, a pharmacist, had violated federal drug statutes by over-ordering several kinds of drugs on behalf of the pharmacy where he worked and converting them to his own use. *See also United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's dedication, aggressiveness and assertiveness in investigating drug dealing and carjacking was neither pertinent to, nor an essential element of, bribery, conspiracy, or drug and firearms charges with which he was charged); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (holding that the trial court properly excluded evidence of a police officer's prior commendations because the traits which they purport to show -- bravery, attention to duty, perhaps community spirit -- were hardly

pertinent to the crimes [of perjury and conspiracy to commit mail fraud] of which [the defendant] stood accused).

In this case, character evidence offered to prove the general good character of the Defendant, particularly as may relate to his past cooperation with law enforcement, is not admissible because it is not pertinent to the firearms and aircraft charges brought against the Defendant or any asserted defense.

*b) Any Admissible Character Evidence Must be Limited in Form to Testimony as to the Witness's Opinion of the Defendant or the Defendant's Reputation.*

Even if evidence of the Defendant's prior good acts were indicative of a pertinent character trait or of general law-abidingness, the form of that evidence would be governed by Federal Rule of Evidence 405(a), which limits such evidence to testimony as to reputation or by testimony in the form of an opinion. Fed.R.Evid. 405(a). Proof of specific instances of conduct is not permitted under the Rule. *See United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002); *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (finding that trial court properly excluded defendant's proffer of specific instances of good character). *See also, United States v. Ellisor*, 522 F.3d 1255, 1270-71 (11th Cir. 2008); *United States v. Benedetto*, 571 F.2d 1246, 1250 (2d Cir. 1978) (finding that trial court should not have permitted defense witness to establish defendant's good character by referring to specific good acts).

5.      Motion to Admit Into Evidence Transcripts of Recorded Conversations and Statements

The United States respectfully moves the Court to admit into evidence transcripts of recorded statements of the defendant that occurred on January 20, 2018.  These recordings and transcripts have been designated as exhibits, and the defendant has raised no objection to them.

Transcripts of recorded conversations are admissible even where actual recordings are admitted to assist the trier of fact. *See United States v. Devous*, 764 F.2d 1349, 1354-55 (10th Cir. 1985) ("[t]he admission of transcripts to assist the trier of fact, like the admission of tapes of marginal quality, lies within the discretion of the trial court."); *United States v. Gomez*, 67 F.3d 1515, 1525-26 (10th Cir. 1995) (in case where recorded calls themselves were admitted, "the district court did not abuse its discretion in admitting the transcripts and, therefore, committed no error.").

For these reasons, the United States respectfully requests that this Court exclude from trial the material described above in parts 1 through 4, and admit the material described in part 5.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

/s/ Filed Electronically

GEORGE C. KRAEHE
JON K. STANFORD
Assistant U.S. Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1501
(505) 246-7296 fax

I HEREBY CERTIFY that on the 6th day
of March 2018, I filed the foregoing
pleading electronically through the
CM/ECF system, which caused counsel
of record for defendant to be served
by electronic means.

/s/ Filed Electronically
_____
GEORGE C. KRAEHE
Assistant U.S. Attorney