IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                Case No. 18-CR-1107-MV

WAYNE RYAN,

        Defendant.

**OPPOSED MOTION TO CONTINUE TRIAL AND EXTEND TIME TO FILE PRETRIAL MOTIONS**

Wayne Ryan, through Assistant Federal Public Defender Alejandro Fernandez, respectfully moves this Court to continue the call of the calendar and trial date, currently set for March 8, 2019, and March 25, 2019, respectively, and reschedule all other motions deadlines and settings in this matter for 90 days.

1.     The first indictment was filed on April 10, 2018, charging Mr. Ryan with the unlawful possession of unregistered firearms and aircraft registration offenses. (Doc. 12). On April 16, 2018 Mr. Ryan was arraigned on the first indictment, and his detention was continued. (Doc. 15). On May 21, 2018, upon a renewed bail hearing, (Docs. 19, 24), Mr. Ryan was released to pre-trial supervision. (Doc. 25). Recently, a superseding indictment was filed alleging substantially the same offenses. (Doc. 53). Mr. Ryan was arraigned on the superseding indictment on November 8, 2018. (Doc. 57).

2. Following the last continuance, the defense filed a motion to suppress evidence pursuant to <u>Franks v. Delaware</u>. (Doc. 62). The Government responded to that motion (Doc. 63), and the defense replied. (Doc. 64). That motion, which regards crucial pieces of evidence against Mr. Ryan, is still pending. The defense believes that the motion must be resolved before it can adequately prepare for subsequent proceedings.

3. In addition, additional motions are likely forthcoming. It appears from the Government's disclosures that whole swaths of evidence have been destroyed. In particular, nearly all of the electronic communications that law enforcement had with Mr. Ryan were wiped out. Only parts of Mr. Ryan's statements were preserved in reports. In addition, a key law enforcement agent, Agent Salcido, appears to have written discoverable reports that have not yet been disclosed. As indicated in his motion to suppress (Docs. 62, 64), much of this case hinges on the communications that law enforcement had with Mr. Ryan.

4. Counsel needs time to investigate both issues further, research the legal implications of such a broad failure to protect discoverable information, and draft any necessary motions. Counsel envisions seeking sanctions including the preclusion of certain evidence and possibly dismissal of several, if not all, counts of the indictment based on the Government's failures to preserve and disclose critical evidence.

5. Mr. Ryan agrees with this request for a continuance and will not be prejudiced in the event that it is granted. Counsel has discussed with Mr. Ryan his rights under the Speedy Trial Act, and he understands the need for a continuance and respectfully asks that this Court grant the instant request.

6. In compliance with the provisions of 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. See United States v. Hernandez-Mejia, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest in mind.'") (quoting United States v. Toombs, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense to properly review all of the Government's evidence and ensure that the Government has not hampered a defense by destroying evidence. The public has an interest in lawful prosecutions.

7. In addition, the Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. See Fed.R.Crim.P. 11(c); 18 U.S.C. § 3161(h)(1)(G); Fed.R.Evid. 410. A continuance that aims to avoid an unnecessary trial and conserve judicial resources serves the purposes of the Speedy Trial Act. See Connolly v. United States, 2013 WL 530869 (D. N.J. Feb. 11, 2013

(unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); United States v. Stanton, 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); United States v. Stradford, 394 F.App'x 923, 927, 2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources). This motion is not predicated upon the congestion of the Court's docket.

8. AUSA George Kraehe opposes this Motion to Continue.

**WHEREFORE**, Wayne Ryan respectfully requests that this Court continue the calendar call and trial 90 days, and vacate and reschedule all other motions deadlines and settings in this matter.

Respectfully Submitted,

*[Electronically Filed]*
ALEJANDRO B. FERNANDEZ
Counsel for Wayne Ryan
Federal Public Defender
111 Lomas Blvd. NW, Suite 501

Albuquerque, New Mexico 87102
(505) 346-2489
alejandro_fernandez@fd.org

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY THAT on March 5, 2019, I filed the foregoing electronically through the CM/ECF system, which caused AUSA George Kraehe to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*[Electronically Filed]*