IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>**WAYNE RYAN**, )<br>)<br>    Defendant. ) | Cr. No. 18-1107 MV |

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY UNDER FED. R. CRIM. P. 16(a)(1)(E) AND *BRADY V. MARYLAND*

The defendant, Wayne Ryan, moves this Court to compel discovery under Federal Rule of Criminal Procedure 16(a)(1)(E) and *Brady v. Maryland*, 373 U.S. 83 (1963). For the reasons set forth below, the defendant's motion should be denied.

### BACKGROUND

The defendant is charged, *inter alia*, with violations of 18 U.S.C. § 922(o) (possession of a machine gun), and 26 U.S.C. §§ 5861(d) (possession of unregistered firearm) and 5871 (possession of a firearm having no serial number). (Superseding Indictment, Doc. 53.) The defendant appears to assert a public authority defense, claiming "he had a lawful basis to engage in the charged conduct, i.e., in order to advance the law enforcement objectives he was asked to work on as a CI [confidential informant]."[1] (Def.'s Mot. to Compel, Doc. 75, at 2.) The defendant, however, was not a CI for the United States during the relevant period and was never

---

[1] The defendant has not provided notice of a public authority defense or made disclosures as required under Federal Rule of Criminal Procedure 12.3. For this reason alone, the Defendant's Motion to Compel should be denied in its entirety on grounds that it seeks materials that are not relevant to any charged offense or asserted defense.

authorized to manufacture and possess machineguns or silencers during the relevant period. To be sure, the defendant had been informed well prior to the offense conduct that he was not being used as a CI and was not authorized to engage in any conduct of any kind on behalf of the government. Moreover, the defendant's conduct prior to, during, and following the offense conduct belies his assertion that he believed he was acting to advance the government's law enforcement interests. To the contrary, the evidence establishes that the defendant engaged in the charged illegal conduct of his own volition and for his own purposes knowing that doing so was a violation of law. Finally, the discovery the defendant seeks to compel has already been provided to the defendant, to the extent it exists or is within the government's possession or within its control. Notwithstanding the foregoing, the United States will provide all discovery not already provided, to the extent that it exists and is within the United States' possession or within its control.

## DISCUSSION

**A. Applicable legal standards.**

A defendant may seek discovery under multiple legal authorities. The Due Process Clause requires that the government disclose any evidence to the defendant that "is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. The Supreme Court has clarified that a defendant is entitled to receive exculpatory evidence even if he does not request it. *See Kyles v. Whitley*, 514 U.S. 419, 433 (1995) ("Regardless of request, favorable evidence is material, and constitutional error results from its suppression by the government."). The Constitution does not, however, require the prosecution "to divulge every possible shred of evidence that could conceivably benefit the

defendant." *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 823 (10th Cir. 1995). "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). And a reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted).

Even though the government has a demanding duty to disclose exculpatory information, it does not have to take affirmative steps to discover information it does not possess. *United States v. Combs*, 267 F.3d 1167, 1173 (10th Cir. 2001). *Brady* also requires a prosecutor to "disclose information of which [he or she] has knowledge and access." *United States v. Burton*, 81 F. Supp. 3d 1229, 1249 (D.N.M. 2015). The "prosecution" includes "not only the individual prosecutor handling the case, but also extends to the prosecutor's entire office, as well as . . . other arms of the state involved in investigative aspects of a particular criminal venture." *Smith*, 50 F.3d at 824 (internal citation and footnote omitted). Thus, although a prosecutor may be required to search files maintained by governmental agencies that are part of the prosecution team, a prosecutor does not have a duty to obtain evidence from agencies that are not part of the prosecution team. *Id.*

It goes without saying that a prosecutor is not required to disclose material that does not exist.

**B. The defendant is not entitled to the requested materials because they have already been disclosed to the defendant, are not material, are not within the United States' custody or control, or do not exist.**

The defendant seeks nine categories of materials. The requested materials have already been disclosed to the defendant, are not material, or do not exist. We address each category in

3

turn:

> **(1) All electronic communications exchanged between the defendant and TFO Salcido.**

The United States has made diligent search for and disclosed to the defendant all electronic communications between the defendant and TFO Salcido during the relevant period. The United States also has produced reports that document electronic communications between the defendant and TFO Salcido during the relevant period. The United States has no reason to believe that there is any other evidence establishing the existence of electronic communications between the defendant and TFO Salcido during the relevant period. After diligent search and inquiry, it is believed that the defendant is in possession of all electronic communications that exist or that ever existed between himself and TFO Salcido during the relevant period.[2]

> **(2) All electronic communications exchanged between the defendant and APD Detective Irwin.**

Detective Irwin is employed by the Albuquerque Police Department (APD). APD was in no way a part of the prosecution team that made the defendant a target in this case. Neither APD nor Detective Irwin had any role in investigating the defendant in connection with the instant matter. Detective Irwin is not a federal agent and was not working as part of a federal task force during the relevant period. Detective Irwin did not authorize the defendant to engage in the criminal activity for which the defendant was charged and in any event had neither real nor apparent authority to do so. For the foregoing reasons, any electronic communications between

---

[2] The cell phone which TFO Salcido used to communicate with the defendant was inadvertently destroyed in or about May 2018. *See* May 7, 2018, Memorandum of Matthew Salcido, submitted herewith as Government Exhibit 1.

the defendant and Detective Irwin, to the extent they exist, are not material to the charged offenses or any defense, and are not within the United States' possession or control or duty to obtain.

### (3) All electronic communications exchanged between the defendant and the confidential informant.

Materials responsive to this request previously have been disclosed to the defendant. Additional materials that may be responsive to this request will be disclosed.

### (4) All of TFO Salcido's reports concerning the defendant.

The United States previously has disclosed all of TFO Salcido's reports referencing the defendant that are material to the investigation giving rise to the instant charges. The defendant references these reports as Docs. 62-4 and Doc. 62-5. Upon inquiry and diligent search, the United States is not aware that any other reports by TFO Salcido concerning the defendant that relate to this matter exist or ever existed.

### (5) An unredacted copy of AUSA Brawley's notes regarding the May 3, 2017, meeting.

The United States previously disclosed all material portions of the referenced notes. As previously explained to the Court, the referenced meeting addressed other ongoing investigations and matters not material to the instant investigation. The notes also disclose the names of confidential informants and targets not relevant to the instant investigation. The United States is willing to provide unredacted copies of the notes in camera for the Court's inspection.

**(6) A complete copy of the defendant's "CI File" referenced in AUSA Brawley's notes**.

There is no CI file for the defendant, because the defendant was never "opened" as a CI. As the chronology of this matter and the context of AUSA Brawley's notes demonstrate, and as previously disclosed to the Court, TFO Salcido only proposed use of the defendant as a CI and discussed his proposal for doing so at the May 2017 meeting. AUSA Brawley's notes expressly indicate that at the time of the meeting no CI file had been opened on the defendant. Because it ultimately was decided not to use the defendant as a CI, no CI file was subsequently opened on the defendant. Consequently, there is no CI file for the defendant. The defendant knows this because he was told he was not going to be used as a CI.

**(7) Materials that indicate that the defendant was asked to engage in activities, accomplish tasks, or investigate people or places on behalf of law enforcement.**

All such materials have been disclosed to the extent that they exist, are material to the instant matter, and are within the possession, custody, or control of the United States or within its duty to obtain.

**(8) Materials that indicate that the defendant was asked to discontinue activities or otherwise not engage in activities on behalf of law enforcement.**

All such materials have been disclosed to the extent that they exist, are material to the instant matter, and are within the possession, custody, or control of the United States or within its duty to obtain.

**(9) Identity of the CHS who met with the defendant on numerous occasions, including on January 22, 2018.**

The United States does not intend to call the CHS as a witness at trial but will introduce

the videotape and audiotape evidence of the defendant's meetings with the CHS through another witness. Accordingly, information relevant to the CHS, his prior testimony, benefits, arrest and conviction record, character, mental health and drug use are not relevant. Nonetheless, the CHS's identity and relevant portions of the CHS's CHS file will be disclosed.

## **CONCLUSION**

Based on the foregoing, the United States respectfully asks the Court deny the Defendant's Motion to Compel Discovery.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

 */s/ Electronically filed*
GEORGE C. KRAEHE
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on the 2nd day
of April 2019, I filed the foregoing
pleading electronically through the
CM/ECF system, which caused counsel
of record for defendant to be served
by electronic means.

 */s/ Filed Electronically*
GEORGE C. KRAEHE
Assistant U.S. Attorney